# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA LUCERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 09 C 2012 |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| THE CBE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura Lucero brought this action against defendant The CBE Group, Inc. ("CBE") under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692e *et seq.* The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Lucero claims that a letter sent to her by CBE, a debt collector, was false, misleading, and deceptive, in violation of §§ 1692e(4), 1692e(5), and 1692e(10) of the FDCPA. This matter is now before the Court on Defendant's Motion for Summary Judgment [Doc. No. 24] and Defendant's Motion to Strike LR 56 Statement [Doc. No. 31]. For the reasons that follow, the motion for summary judgment is denied, and the motion to strike is denied as moot.

## FACTS

Unless otherwise noted, the following material facts are either undisputed or deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.[1]

---

[1] Defendant filed a Motion to Strike Certain Improper Responses to CBE's Local Rule 56.1 Statement of Undisputed Material Facts and Deem Those Facts Admitted [Doc. No. 31]. The Court is familiar with the requirements of Rule 56 and Local Rule 56.1 and the legal effect of responses that do not comply with the rules. Defendant's motion to strike is therefore noted but denied as moot.

Defendant CBE is a debt collection company that, among other things, collects consumer receivables. (Def.'s LR 56.1(a)(3) ¶ 2.) On July 14, 2009, Defendant received a collection account from the Department of Education (the "DoE") for a debt owed by Plaintiff Lucero. (Pl.'s LR 56.1(b)(3)(C) ¶ 64.) On September 3, 2008, Defendant sent a collection notice to Plaintiff that was returned as "undeliverable." (*Id.* ¶ 65.) On September 8, 2008, Defendant confirmed Plaintiff's address in Chicago, Illinois. (*Id.* ¶ 66.) On or about October 29, 2008, Defendant sent Plaintiff the collection letter at issue which stated, in relevant part:

> We have made numerous attempts to contact you, but you have either not responded or not made satisfactory payment arrangements.
>
> In accordance with federal and state regulations, this account may be forwarded to U S DEPARTMENT OF EDUCATION for possible administrative wage garnishment or forwarded by U S DEPARTMENT OF EDUCATION the the U.S. Department of Justice to pursue possible legal proceedings against you. You can stop this action by contacting our office to discuss monthly repayment terms or by sending payment in full immediately using one of the following options:...

(Def.'s LR 56.1(a)(3) ¶ 52; Pl.'s LR 56.1(b)(3)(C) ¶ 67.)

Plaintiff did not pay in full or call CBE or the DoE to discuss payment arrangements. (Pl.'s LR 56.1(b)(3)(C) ¶ 68.) Pursuant to the DoE's standards, Plaintiff's account was eligible for both administrative wage garnishment or litigation. (Def.'s LR 56.1(a)(3) ¶ 53.) Plaintiff's wages have not been garnished by Defendant, the DoE, or the Department of Justice, nor have any legal proceedings been initiated against her. (Pl.'s LR 56.1(b)(3)(C) ¶¶ 69, 72.) On March 24, 2009, Defendant returned Plaintiff's account to the DoE. (*Id.* ¶ 77.)

Based on its understanding of FDCPA law, Defendant implemented certain policies and procedures designed to ensure compliance with Section 1692e. (Def.'s LR 56.1(a)(3) ¶ 39.) Defendant's employees are not to mention any type of further action or legal proceeding without:

2

(1) obtaining the client's permission; (2) intending to pursue such an action; and (3) having the authority to do so. (*Id.* ¶ 40.) Before it was sent to Plaintiff, the notice letter was reviewed and approved by CBE's General Counsel, outside counsel, and the DoE. (*Id.* ¶¶ 42-48.)

The letter at issue in this case was sent to a total of 104,365 DoE accounts in 2008. (*Id.* ¶ 57.) Of those accounts, 23,106 (over 22%) were referred back to the DoE for administrative wage garnishment, and 2,942 (under 3%) were referred for litigation. (*Id.* ¶ 58.) Garnishment proceedings were ultimately initiated on 12,253 accounts (under 12% of all letters sent), and litigation was initiated on 2,239 accounts (over 2% of all letters sent). (*Id.* ¶ 60.)

## DISCUSSION

I.  **Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events. *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party

may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted).

Courts ruling on a motion for summary judgment are "not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, No. 05 C 5675, 2007 WL 781726, at *7 (N.D. Ill. Mar. 12, 2007) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003)); *see Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). Similarly, a court is not required to scour the record for facts and arguments supporting the motion. *See Knapp v. County of Jefferson*, No. 06 CV 4028, 2007 WL 496396, at *1 (S.D. Ill. Feb. 13, 2007) (denying summary judgment where defendant's brief "contains no facts section and . . . fail[s] to point to the relevant portions of the record to establish the facts of this case").

In addition, "[c]onclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002). Affidavits or depositions based on speculation, rumor, or conjecture are also not sufficient to defeat a properly supported motion for summary judgment. *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 337 (7th Cir. 1991). Finally, the Court is "'not required to draw every conceivable inference from the record.'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

## II. **FDCPA Violation**

Section 1692e of the FDCPA provides that a debt collector may not use any "false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e contains subsections enumerating a non-exclusive list of conduct that violates

the statute. Plaintiff claims that Defendant's letter included threats of legal and administrative proceedings in violation of three subsections: (1) "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," 15 U.S.C. § 1692(4); (2) "The threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); and (3) "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692(10).[2]

In determining whether a collection letter violates the FDCPA,[3] courts are directed to view the communication "through the eyes of the 'unsophisticated consumer.' . . . The 'unsophisticated consumer' isn't a dimwit. She may be 'uninformed, naive, and trusting,' . . . but she has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (citations omitted). A false statement by itself does not necessarily violate the statute unless the statement would deceive or mislead an unsophisticated consumer. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009).

The Court must first decide whether the letter constitute a threat of legal or administrative action and second whether that threat was false or misleading. *See Nance v. Friedman*, No. 98 C 6720, 2000 WL 1700156, at *2 (N.D. Ill. Nov. 8, 2000) ("Falsely threatening imminent litigation

---

[2] During the course of briefing on the present motion, Plaintiff withdrew all other claims in the complaint.

[3] The parties do not dispute the applicability of the FDCPA to the notice letter.

5

when the decision whether to sue has not been made violates the FDCPA."). Defendant does not appear to dispute that the letter contained a threat of litigation or garnishment proceedings. *See Francis v. Snyder*, 389 F. Supp. 2d 1034, 1040 (N.D. Ill. 2005) (quoting *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998)) ("Courts have found litigation threats even in indirect or oblique statements, provided they imply legal action is underway or contemplated in the near future.'"). The letter states that the account may be referred for legal or administrative action and that "You can stop this action" by paying the debt. A reasonable jury could find that this language implies that proceedings are imminent or already underway. *See Nance*, 2000 WL 1700156, at *1 (denying summary judgment where the collection letter stated that if "we do not hear from you we may have no alternative but to commence legal action against you . . ."); *see also* FTC Commentary, 53 FR 50097-02, 1988 WL 269068, at *50106 (Dec. 13, 1988) ("A debt collector's implication, as well as a direct statement, of planned legal action may be an unlawful deception. For example, reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action.").

If further legal or administrative process was not in fact contemplated at the time the letter was sent, a reasonable jury could find that the implied imminence of the threats would mislead an unsophisticated consumer. *See* FTC Commentary, 1988 WL 269068, at *50106 ("A debt collector may not state that a third party will take any action unless he has reason to believe, at the time the statement is made, that such action will be taken.").

Defendant offers no evidence of its or the DoE's actual intention to pursue legal or administrative action in relation to Plaintiff's debt. Instead, Defendant relies on statistical analysis of cases referred to the DoE for garnishment or litigation and the percentage of those cases ultimately

resulting in action being taken against the debtor. *See* FTC Commentary, 1988 WL 269068, at *50106 ("A debt collector may state that certain action is possible, if it is true that such action is legal and is frequently taken by the collector or creditor with respect to similar debts; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading."). According to Defendant, 53% of the accounts CBE referred to the DoE for garnishment in 2008 were garnished; and 76% of the accounts it referred for litigation resulted in a suit being filed against the debtor. (Def.'s LR 56.1(a)(3) ¶ 60.) But Defendant's analysis does not reflect the ratio of accounts to whom the letter was sent to the accounts in which legal or administrative action was taken. The DoE garnished less than 12% of all accounts to whom the letter was sent and initiated legal action against just over 2%. The statistical evidence thus does not reveal an undisputed fact demonstrating that legal action was reasonably likely at the time the letter was sent to Plaintiff. *See Nance*, 2000 WL 1700156, at *2 ("The fact that [Defendant] did in fact sue some debtors (including [Plaintiff]), though relevant, is not dispositive. The issue is whether the threat of imminent litigation was true when made.").

Defendant further argues that garnishment was not possible after Plaintiff consolidated her student loans in early 2009. A reasonable jury could nevertheless find that Defendant had no intention to garnish Plaintiff's wages several months earlier, when the letter was sent. The Court concludes that there is a genuine issue of material fact whether there was a reasonable likelihood that Defendant intended to pursue garnishment or litigation against Plaintiff, which precludes summary adjudication of Plaintiff's FDCPA claims.

### III. *Bona Fide* Error Defense

Defendant next urges the Court to find that even if it violated the FDCPA, summary judgment should be granted as to its assertion of the *bona fide* error defense. Section 1692k(c) of the FDCPA provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

A party seeking to be shielded from liability by the *bona fide* error defense must show that: (1) the FDCPA violation was not intentional; (2) the violation resulted from a *bona fide* error; and (3) it maintained procedures reasonably adapted to avoid the error. *See Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). An earlier circuit split over whether the *bona fide* error defense applies solely to mistakes of fact or also to mistakes of law was recently resolved by the Supreme Court in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605 (2010). *Jerman* held that the defense does not apply to a violation resulting from an incorrect legal interpretation of the FDCPA's requirements but only to violations arising from mistakes of fact. *Id.* at 1624.

Defendant contends that the *bona fide* error defense applies in this case because any error was based on a mistake of fact, *i.e.,* a factual error concerning the possibility that an action would be taken against the account. Defendant argues that it maintains procedures to avoid making false statements regarding wage garnishment and legal action and does not make any statements without

having: (1) the client's permission to make the statement; (2) the intent to take the action mentioned in the statement; and (3) the legal authority to take the action.

Defendant also points out that the text of the garnishment notice was approved by the DoE, which is "similar to the method of obtaining an FTC opinion suggested by the Supreme Court in *Jerman*." (Supp. Mem. of Law at 4.) But the fact that the letter's form was approved by the DoE is not sufficient by itself to take the ultimate issue of the truth of the statements out of the jury's hands. The record contains no undisputed evidence demonstrating that Defendant believed proceedings were imminent against Plaintiff's account but that the belief was mistaken. Summary judgment is therefore denied as to Defendant's *bona fide* error defense.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 24] is denied, and Defendant's Motion to Strike LR 56 Statement [Doc. No. 31] is denied as moot.

**SO ORDERED.**                                      **ENTERED:**

**DATE:** **September 29, 2010**

                                                                              **HON. MARIA VALDEZ**
                                                                              **United States Magistrate Judge**